# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-00242-RPM-MJW

CLEAR BLUE AUDIO VIDEO
CORPORATION, d/b/a/ CLEAR BLUE
ENGINEERING, INC. and d/b/a RF SYSTEMS
BY CLEAR BLUE, a Colorado corporation,

      Plaintiff,

v.

DIGIVERT, INC., f/k/a RF SYSTEMS, INC., a
Colorado corporation, CONVERGENT LIVING,
INC., a Colorado corporation, AVOCATION
SYSTEMS, INC, f/k/a AVOCATION, INC.,
RICHARD REISBICK, and CYNDE FLECK,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

### 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (herein after referred to as the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties

acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; D.C.COLO.LCivR 7.2 and 7.3 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party. Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "CONFIDENTIAL" Information or Items. Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party. A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party. A Party or non-parry that produces Disclosure or Discovery Material in this action.

2

2.7    <u>Designating Party</u>.  A Party or non-party that designates information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8    <u>Protected Material</u>.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9    <u>Outside Counsel</u>.  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    <u>House Counsel</u>.  Attorneys who are employees of a Party.

2.11    <u>Counsel</u> (without qualifier).  Outside Counsel and House Counsel (as well as their support staffs).

2.12    <u>Expert</u>.  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>.  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing of exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts,

summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

5

portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Utilizing this process, sometimes referred to as a "quick-peek" procedure shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information.

In the event that a Party or non-Party produces Disclosure or Discovery Material that another Party desires to designate as Protected Material, the Party so desiring shall, reasonably promptly after the initial production, notify other Receiving Parties of the designation and the other Receiving Parties, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Party asserting the designation shall also affix the appropriate legend on a copy of the protected material and produce it to the other Receiving Parties.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level

6

of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are
appropriately designated for protection within the 20 days shall be covered by the
provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound
by the court reporter, who must affix to the top of each such page the legend
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as
instructed by the Party or non-party offering or sponsoring the witness or presenting the
testimony.

(c)     for information produced in some form other than documentary,
and for any other tangible items, that the Producing Party affix in a prominent place on
the exterior of the container or containers in which the information or item is stored the
legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY." If only portions of the information or item warrant protection, the Producing
Party, to the extent practicable, shall identify the protected portions, specifying whether
they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY."

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent
failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the
Designating Party's right to secure protection under this Order for such material. If
material is appropriately designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially
produced, the Receiving Party, on timely notification of the designation, must make

reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Inadvertent Production of Documents.</u> The inadvertent production of any document or information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or other privilege, and no party or third person shall be held to have waived any rights by such inadvertent production. Upon written request by the inadvertently producing party or third person, the receiving party shall: (a) return the original and all copies of such documents or promptly petition the Court for a determination whether (i) production is properly inadvertent or (ii) the document is subject to a claim of privilege, and (b) shall not use such information for any purpose unless allowed by order of the Court.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation

is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under D.C.COLO.LCivR 7 (and in compliance with Rules 7.2 and 7.3, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must include a certification that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and must set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

All "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall be stored under the direct control of litigation counsel of

record, or Experts as defined in this Order, who shall be responsible for preventing any use or disclosure thereof, except in accordance with the terms of this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as "Exhibit A".

(b) no more than two officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), with each party identifying in writing the names and titles of the no more than two officers, directors or employees chosen no later than seven days following the Court's entering of this Order;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)    the author of the document or the original source of the information;

(h)    subject to the conditions in this paragraph, mock jurors may be shown summaries, graphics or other specially-prepared documents which are based on "CONFIDENTIAL" documents or information ("specially prepared materials"), provided that (i) mock jurors shall not be shown "CONFIDENTIAL" documents or transcripts themselves, and shall not be provided with copies of any specially prepared materials based on confidential information; (ii) mock jurors shall not be permitted to keep any documents, notes, or other materials created by, used or provided to them during any research session, and counsel shall take measures to ensure and account for return of all such materials before dismissing each member; (iii) each mock juror verifies in writing that neither they nor members of their immediate family or household are employed by or affiliated with a party or a party's direct competitor; (iv) each mock juror agrees in writing to be bound by this Order by executing the "Agreement to be Bound by Protective Order" (Exhibit A).

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action;

(b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)     the author of the document or the original source of the information;

(f)     subject to the conditions in this paragraph, mock jurors may be shown summaries, graphics or other specially-prepared documents which are based on "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information ("specially prepared materials"), provided that (i) mock jurors shall not be shown "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or transcripts themselves, and shall not be provided with copies of any specially prepared materials based on confidential information; (ii) mock jurors shall not be permitted to keep any documents, notes, or other materials created by, used or provided to them during any research session, and counsel shall take measures to ensure and account for return of all such materials before dismissing each member; (iii) each mock juror verifies in writing that neither they nor members of their immediate family or household are employed by or affiliated with a party or a party's direct competitor; (iv) each mock juror agrees in

12

writing to be bound by this Order by executing the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert and (2) sets forth the full name of the Expert, the city and state of his or her primary residence, and his or her current employer.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in D.C.COLO.LCivR 7 (and in compliance with Rules 7.2 and 7.3, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity and set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. COMPUTER PROGRAMS. Proprietary computer software or code may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall be subject to the following additional protective measures to be followed by the Receiving Party:

(a) Persons identified in Paragraph 7.3(a) and an expert qualified under Paragraph 7.3(b) of this Order may each use the contents of the hard drive or other permanent electronic storage media on a computer that is not connected to any network, phone line, wireless network, or any other computer.

(b) Except as otherwise provided in this paragraph, no copies, including for back-up, of the hard drive or other permanent electronic storage media may be made at any time without the express written consent of the Designating Party.

(c) Should one or more hard drives or other permanent electronic storage media become damaged, the producing party shall exchange the damaged storage medium for an undamaged copy.

(d) The hard drives or other permanent electronic storage media may be used on a computer having a printer directly attached to the computer (not through any network or server). However, unless otherwise authorized in writing by the producing party, no more than 10% of the total number of lines of computer software or code of any program may be printed (unless the complete code from that program has previously been

produced in printed form). Any printed material shall be labeled as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY'".

### 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRO-DUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving

15

Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

## 11.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with D.C.COLO.LCivR 7.2 and 7.3.

## 12.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within forty-five (45) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within sixty (60) days after the final termination of this action that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

16

memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

### 13. MISCELLANEOUS

13.1 <u>Right to Further Relief.</u> Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Protective Orders.

13.2 <u>Right to Assert Other Objections.</u> This Order shall not be deemed a waiver of:

(a) any Party's right to object to any discovery requests on any ground;

(b) any Party's right to seek an order compelling discovery with respect to any discovery request;

(c) any Party's right in any proceeding or action herein to object to the admission of any evidence on any ground;

(d) any Party's right to use and disclose its own documents and its own Confidential Information designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" in its sole and complete discretion; or

(e) the status of any Confidential Information as a trade secret.

13.3 <u>Days.</u> For purposes of counting the number of days pursuant to any provision of this Order, days shall mean all days, seven days per week, 365 days per year (366 days per leap year), not solely business days.

13.4 <u>Binding Order.</u> The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. Any provision of this Order must be amended when good cause is shown by the party wishing to amend.

13.5   Exhibits. The parties agree that exhibits may be filed under seal without further order of the Court, so long as a copy of the exhibits are provided to the opposing party.

DATED this 14 day of October , 2008.

BY THE COURT:

_____
United States District Court Judge

s/James E. Dallner
Michael J. Roche
James E. Dallner
Lathrop & Gage L.C.
370 17th Street, Suite 4650
Denver, CO 80202
(720) 931-3200
Fax: (720) 931-3201
mroche@lathropgage.com
jdallner@lathropgage.com

Attorneys for Defendants
Digivert, Inc., Convergent Living, Inc.,
Avocation Systems, Inc. Richer Reisbeck,
Cynde Fleck

s/Michael P. Dulin
Michael P. Dulin
Michelle A. Pinkowski
Hensley Kim & Holzer, LLC
1660 Lincoln St., Suite 3000
Denver, CO 80264
(720) 377-0770
Fax: (720) 377-0777
mdulin@hkh-law.com
mpinkowski@hkh-law.com

Attorneys for Plaintiff, Clear Blue Audio
Video Corporation

s/Daniel S. Duggan
Daniel S. Duggan
Daniel S. Duggan, LLC
5310 Ward Road, Suite 102
Arvada, CO 80002-1829
(303) 422-1700
danduggan@dugganllc.com

Attorney for Plaintiff, Clear Blue Audio
Video Corporation

19

DATED this _____ day of July, 2008.

BY THE COURT:

_____
Magistrate Judge Michael J. Watanabe

_____
Michael J. Roche
James E. Dallner
Lathrop & Gage L.C.
370 17th Street, Suite 4650
Denver, CO 80202
(720) 931-3200
Fax: (720) 931-3201
mroche@lathropgage.com
jdallner@lathropgage.com

Attorneys for Defendants
Digivert, Inc., Convergent Living, Inc.,
Avocation Systems, Inc. Richar Reisbeck,
Cynde Fleck

_____
Michael P. Dulin
Michelle A. Pinkowski
Hensley Kim & Holzer, LLC
1660 Lincoln St., Suite 3000
Denver, CO 80264
(720) 377-0770
Fax: (720) 377-0777
mdulin@hkh-law.com
mpinkowski@hkh-law.com

Attorneys for Plaintiff, Clear Blue Audio
Video Corporation

_____
Daniel S. Duggan
Daniel S. Duggan, LLC
5310 Ward Road, Suite 102
Arvada, CO 80002-1829
(303) 422-1700
danduggan@dugganllc.com

Attorney for Plaintiff, Clear Blue Audio
Video Corporation

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the District of Colorado

on _____[date] in the case Clear blue Audio Video Corporation, d/b/a Clear Blue

Engineering, Inc. and d/b/a RF Systems By Clear Blue v. Digivert, Inc., f/k/a RF Systems, Inc.,

Convergent Living, Inc., Avocation Systems, Inc., f/k/a/ Avocation, Inc., Richard Reisbick, and

Cynde Fleck, Civil Action No. 1:08-cv-00242-RPM-MJW.   I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will hold in confidence and not disclose to anyone not qualified under

the Stipulated Protective Order any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEY'S EYES ONLY" information or any portion or substance thereof provided to me

in the course of this litigation except in strict compliance with the provisions of the Stipulated

Protective Order.

I further agree to submit to the jurisdiction of the United States for the District of

Colorado, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I further hereby provide the following information (information can be provided on

separate sheets attached hereto):

1.    My present employer is:_____

2.    The address of my present employer is:_____

3. My present occupation/job description is:_____

4. Identity of each person or entity from whom I have received compensation for work in my area of expertise or to whom I have provided professional services at any time during the preceding five years:_____

5. Identity of all litigation(s) I have provided professional services during the preceding five years (by name and number of the case, filing date, and location of court):

_____

When my services in this matter have been concluded, I will destroy all materials containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession and documents or things which I have prepared relating thereto and containing such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information.

I hereby appoint _____ [print or type full name of] _____ [print or type full address and telephone number] as my agent for service or process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                                [printed name]

Signature:_____
                             [signature]